IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID ESMAT MITWALLI, | : | Civil No. 1:24-CV-00336 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

### MEMORANDUM

Before the court is Defendants' motion to partially dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 14.) Also pending is Plaintiff's motion for appointment of counsel. (Doc. 17.) For the following reasons, the court will grant Defendants' motion, dismiss the Religious Land Use and Institutionalized Persons Act ("RLUIPA") claims against Defendants in their individual capacity, and dismiss any RLUIPA claims for monetary relief. The court will also deny Plaintiff's motion for appointment of counsel.

### PROCEDURAL HISTORY

Walid Esmat Mitwalli ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The complaint names two defendants: (1) Dr. Laurel Harry ("Harry"), Secretary of the Department of Corrections; and (2) Rev. Ulli Klemm ("Klemm"), Religious

1

Services Administrator. (Doc. 1, pp. 1–2.)[1] Plaintiff alleged that the Acting Secretary of the Department of the Corrections ("DOC") George M. Little issued a memo on February 24, 2022, stating the following:

> Beginning January 1, 2023, faith groups accommodated with Ceremonial Meals will instead be accommodated with up to two (2) Fellowship Meals a year. Fellowship Meals permit inmates from those faith groups to provide input on the mainline "best meal" to be served at two holy day observances per year; however, optional menu items will no longer be available. Additionally, members of each faith group will be able to eat together and afterwards engage in thirty (30) minutes of fellowship, provided communal gathering are permitted at that time.

(*Id.*, p. 2.) Plaintiff alleges that he filed a religious accommodation request on April 14, 2023, which was denied by Defendant Klemm on August 25, 2023. (*Id.*) Plaintiff alleges that he filed a grievance on September 1, 2023. (*Id.*, p. 3.) This grievance was denied on October 2, 2023, and Plaintiff appealed the denial. (*Id.*) The grievance was ultimately denied by the Secretary's Office of Inmate Grievance Appeals on November 15, 2023. (*Id.*) Also on November 15, 2023, Defendant Harry issued a policy modification memo that changed the overall limits of Former Secretary Little's memo. (*Id.*)

Plaintiff alleges that Defendants violated the RLUIPA in both the issuance of the memo and the failure to permit the Eid feasts to move forward in accordance

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

with the Islamic traditions and religious requirements. (*Id*., p. 3.) As relief, Plaintiff seeks compensatory damages and injunctive relief. (*Id*., pp. 12–13.)

The court issued an order serving the complaint on Defendants on April 3, 2024. (Doc. 10.) On June 3, 2024, Defendants filed the motion to partially dismiss the complaint. (Doc. 14.) Plaintiff filed a brief in opposition on June 21, 2024. (Doc. 16.) On June 21, 2024, the court received and docketed Plaintiff's motion for appointment of counsel. (Doc. 17.) The court will now address the pending motions.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Waymart, in Wayne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds by Mack v. Yost*, 968 F.3d 311 (3d. Cir. 2020).

When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon

these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993)).

The pleadings of self-represented plaintiffs are to be liberally construed and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Est. of Lagano v. Bergen Cnty. Prosecutor's Off.*, 769 F.3d 850, 861 (3d Cir. 2014); *see also Phillips*, 515 F.3d at 245. A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).

## DISCUSSION

### A. All RLUIPA Claims Against Defendants in Their Individual Capacities Will Be Dismissed.

It is unclear in the complaint whether Plaintiff is raising RLUIPA claims against Defendants in their individual or official capacities. (Doc. 1.) To the extent that Plaintiff is bringing claims against Defendants in their individual capacity, those claims must be dismissed. The Third Circuit has held that the

RLUIPA does not permit an action against defendants in their individual capacity. *Sharp v. Johnson*, 669 F.3d 144, 155 (3d Cir. 2012). Therefore, all RLUIPA claims against Defendants in their individual capacity will be dismissed.

**B. Plaintiff Cannot Recovery Monetary Damages Under the RLUIPA.**

Defendants argue that Plaintiff cannot recover monetary damages against Defendants in their official capacity under the RLUIPA. (Doc. 15, pp. 5–6.)

The Supreme Court has held that a plaintiff may not sue a state or state official for monetary damages under RLUIPA. *See Sossamon v. Texas*, 563 U.S. 277, 288, 293 (2011) (specifically holding that states, by accepting federal funds, do not waive their sovereign immunity to suits for money damages under RLUIPA). Therefore, Plaintiff is precluded from seeking monetary damages against Defendants in their official capacity.

Defendants also argued that monetary damages are precluded under qualified immunity as well. (Doc. 1, pp. 6–7.) However, since monetary damages are already precluded under sovereign immunity, the court need not determine whether they are also precluded under the theory of qualified immunity.

**C. Plaintiff's Motion for Appointment of Counsel Will Be Denied.**

On June 21, 2024, the court received and docketed a motion for appointment of counsel from Plaintiff. (Doc. 17.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4) the plaintiff's ability to retain counsel on his or her own behalf;
(5) the extent to which a case is likely to turn on credibility determinations, and;
(6) whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57. This list of factors is non-exhaustive, and no single factor is determinative. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)). Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases." (*Id.*)

7

Plaintiff seeks appointment of counsel pursuant to 28 U.S.C. § 1915(d). (Doc. 17.) However, Plaintiff is not proceeding *in forma pauperis* in this action. (Doc. 9.) Therefore, the court will deny Plaintiff's motion. If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

Based on the foregoing, the court will dismiss all RLUIPA claims against Defendants in their individual capacities and will dismiss all claims for monetary damages against Defendants in their official capacity. The court will also deny Plaintiff's motion for appointment of counsel.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: December 27, 2024