# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID ESMAT MITWALLI, | : | Civil No. 1:24-CV-00336 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Defendants' suggestion of mootness. (Doc. 23.) Because Defendants have not met their burden of showing that it is absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur, the court will deny the suggestion of mootness without prejudice to the issue of mootness being raised again in subsequent dispositive motions.

### PROCEDURAL HISTORY

Walid Esmat Mitwalli ("Plaintiff"), an inmate currently housed at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The complaint names two defendants: (1) Dr. Laurel Harry ("Harry"), Secretary of the Department of Corrections; and (2) Rev. Ulli Klemm ("Klemm"), Religious Services Administrator. (Doc. 1, pp. 1–2.)[1] Plaintiff alleged that the Acting

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

1

Security of the Department of the Corrections ("DOC") George M. Little issued a memo on February 24, 2022 stating the following:

> Beginning January 1, 2023, faith groups accommodated with Ceremonial Meals will instead be accommodated with up to two (2) Fellowship Meals a year. Fellowship Meals permit inmates from those faith groups to provide input on the mainline "best meal" to be served at two holy day observances per year; however, optional menu items will no longer be available. Additionally, members of each faith group will be able to eat together and afterwards engage in thirty (30) minutes of fellowship, provided communal gatherings are permitted at that time.

(*Id.*, p. 2.) Plaintiff alleges that he filed a religious accommodation request on April 14, 2023, which was denied by Defendant Klemm on August 25, 2023. (*Id.*) Plaintiff alleges that he filed a grievance on September 1, 2023. (*Id.*, p. 3.) This grievance was denied on October 2, 2023, and Plaintiff appealed the denial. (*Id.*) The grievance was ultimately denied by the Secretary's Office of Inmate Grievance Appeals on November 15, 2023. (*Id.*) Also on November 15, 2023, Defendant Harry issued a policy modification memo that changed the overall limits of Former Secretary Little's memo. (*Id.*)

Plaintiff alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in both the issuance of the memo and the failure to permit the Eid feasts to move forward in accordance with the Islamic traditions and religious requirements. (*Id.*, p. 3.) As relief, Plaintiff seeks compensatory damages and injunctive relief. (*Id.*, pp. 12–13.)

The court issued an order serving the complaint on Defendants on April 3, 2024. (Doc. 10.) On June 3, 2024, Defendants filed a motion to partially dismiss the complaint. (Doc. 14.) On December 27, 2024, the court granted the motion and dismissed all RLUIPA claims against Defendants in their individual capacities and all claims for monetary relief against Defendants in their official capacity under the RLUIPA. (Docs. 18, 19.) This leaves only the RLUIPA claims against Defendants in their official capacity active with only injunctive and declaratory relief available. Defendants than answered the complaint regarding the remaining claims. (Doc. 20.) The court entered a case management order setting forth the deadlines for fact discovery and dispositive motions. (Dc. 21.) There is currently a status conference set for July 11, 2025. (Doc. 25.)

On April 10, 2025, Defendants filed a suggestion of mootness alleging that since the DOC recently approved the accommodation of two Religious Meals for all qualifying faith groups, including Muslims, Plaintiff's claims for injunctive and declaratory relief are now moot. (Doc. 23.) Attached to the filing are the updated Religious Activities Procedures Manual and a Declaration by Defendant Harry. (Docs. 23-1, 23-2.) On May 6, 2025, the court received and docketed Plaintiff's response to the suggestion of mootness. (Doc. 26.) He also filed a memorandum in response on May 27, 2025. (Doc. 27.)

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Waymart, in Wayne County, Pennsylvania, which is located within this district. *See* 28 U.S.C. § 118(b).

## MOOTNESS STANDARD

Article III of the Constitution limits the judicial power of the United States to "cases" and "controversies." U.S. Constitution, art. III, § 2. "This case-or-controversy limitation, in turn, is crucial in 'ensuring that the Federal Judiciary respects the proper—and properly limited—role of the courts in a democratic society.'" *Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 539 (3d Cir. 2017) (quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006)). "And courts enforce it 'through the several justiciability doctrines that cluster about Article III,' including 'standing, ripeness, mootness, the political-question doctrine, and the prohibition on advisory opinions.'" *Id.* (quoting *Toll Bros., Inc. v. Twp. of Readington*, 555 F.3d 131, 137 (3d Cir. 2009)).

Defendants have raised a question of mootness, which is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the

life of the lawsuit,'" and which "is 'concerned with the court's ability to grant effective relief.'"  *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016), and *Cnty. of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001)).  "[F]ederal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). And "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)).  "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.'" *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Lewis*, 494 U.S. at 477).

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). In other words, "a case is moot if 'developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or

5

prevent a court from being able to grant the requested relief.'" *Hamilton*, 862 F.3d at 335 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698–99 (3d Cir. 1996)).

Pursuant to the "voluntary cessation doctrine," "a defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Already*, 568 U.S. at 91 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 190, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000)). In *Already,* the Supreme Court found Nike's unconditional and irrevocable covenant to refrain from the challenged activity to meet this high threshold. *Id*. at 100. More recently, the Third Circuit addressed whether the challenges to the New Jersey COVID-19 restrictions were rendered moot in *Clark v. Governor of N.J.*, and found that the changes in the public health situation, the lack of reimposition of restrictions with subsequent infection surges, and the likelihood that future restrictions would likely not resemble the original ones that were challenged demonstrated that it was "absolutely clear" that the allegedly wrongful behavior would not recur. 53 F.4th 769, 771–72 (3d Cir. 2022).

## DISCUSSION

Defendants are seeking the dismissal of the complaint as moot based on the enactment of a new DOC policy. (Doc. 23.) Therefore, Defendants have the

6

burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur. *Already*, 133 S.Ct. at 723.

The only relief requested in the complaint outside of monetary damages is "a permanent injunction against defendants to prevent further harm to those effected by requiring modifications of policies, procedures, training manuals, and training methods to correct the unconstitutional elimination of *Eid al-Ada* and *Eid al-Fitr* feasts." (Doc. 1, p. 13.) Defendants argue under the newest policy, Muslim inmates are entitled to two Religious Meals during a calendar year and are permitted to purchase outside food items from a licensed food establishment, which includes items that are cooked and/or prepared in ready-to-eat form such as halal meats and sides. (Doc. 23, p. 3.) Defendants further allege that the current policy also allows faith groups to meet communally to consume their Religious Meals. (*Id.*) Defendants allege that based on these most recent policy changes, Plaintiff's claims for injunctive and declaratory relief are now moot. Plaintiff argues that there is nothing in place to ensure that the policy will not be changed again, and the Muslim inmates, including himself who has a release date in 2053, may again be subject to the constructive loss of their Eid feast celebrations. (Doc. 27.)

Here, Defendants assert that "[t]he Department made changes to the Religious meals policy as outlined above, and the Secretary of Corrections has no

intention to return to any of the previous policies relating to Religious Meals now or in the future." (Doc. 23, p. 6.) Defendants rely on a declaration by Defendant Harry stating that he approved the most recent version of the Religious Meals Policy, that he approved the settlement agreements in two related cases, and that he would not approve of a return to the Fellowship Meal policy that eliminated options menu items or a return to the Religious Meals policy that only offered one self-stable item for purchase. (Doc. 23-2.) This is not the "unconditional and irrevocable" covenant addressed in *Already*. Nor have Defendants demonstrated that a situational change outside of other litigation on the subject such as in *Clark v. Governor of N.J.*. Therefore, the court will deny the suggestion of mootness seeking the dismissal of the complaint. Nothing in this memorandum precludes Defendants from readdressing mootness in their subsequent dispositive motions so long as they can meet their required burden.

## Conclusion

Based on the foregoing, the court will deny Defendants' suggestion of mootness. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 8, 2024