IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALID ESMAT MITWALLI, | : | Civil No. 1:24-CV-00336 |
| Plaintiff, | : | |
| v. | : | |
| DR. LAUREL HARRY, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Before the court is a motion to compel filed by Walid Esmat Mitwalli ("Plaintiff"). Because Plaintiff has requested the production of documents that do not exist or have already been provided or has failed to state the relevance of the requested information, the court will deny the motion to compel. Furthermore, the court finds that there are alternative routes for Plaintiff to gather the requested information regarding the costs of providing religious feast meals and will extend the discovery deadline.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an inmate currently housed at the State Correctional Institution in Waymart, Pennsylvania ("SCI-Waymart"), initiated this action by filing a complaint under 42 U.S.C. § 1983 in February of 2024. (Doc. 1.) The complaint names two defendants: (1) Dr. Laurel Harry ("Harry"), Secretary of the Department of Corrections; and (2) Rev. Ulli Klemm ("Klemm"), Religious

1

Services Administrator. (Doc. 1, pp. 1–2.)[1] Plaintiff alleged that the Acting Security of the Department of the Corrections ("DOC") George M. Little issued a memo on February 24, 2022, stating the following:

> Beginning January 1, 2023, faith groups accommodated with Ceremonial Meals will instead be accommodated with up to two (2) Fellowship Meals a year. Fellowship Meals permit inmates from those faith groups to provide input on the mainline "best meal" to be served at two holy day observances per year; however, optional menu items will no longer be available. Additionally, members of each faith group will be able to eat together and afterwards engage in thirty (30) minutes of fellowship, provided communal gatherings are permitted at that time.

(*Id*., p. 2.) Plaintiff alleges that he filed a religious accommodation request on April 14, 2023, which was denied by Defendant Klemm on August 25, 2023. (*Id*.) Plaintiff alleges that he filed a grievance on September 1, 2023. (*Id*., p. 3.) This grievance was denied on October 2, 2023, and Plaintiff appealed the denial. (*Id*.) The grievance was ultimately denied by the Secretary's Office of Inmate Grievance Appeals on November 15, 2023. (*Id*.) Also on November 15, 2023, Defendant Harry issued a policy modification memo that changed the overall limits of Former Secretary Little's memo. (*Id*.)

Plaintiff alleges that Defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") in both the issuance of the memo and the failure to permit the Eid feasts to move forward in accordance with the Islamic

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

traditions and religious requirements.  (*Id*., p. 3.)  As relief, Plaintiff seeks compensatory damages and injunctive relief.  (*Id*., pp. 12–13.)

    The court issued an order serving the complaint on Defendants on April 3, 2024.  (Doc. 10.)  On June 3, 2024, Defendants filed a motion to partially dismiss the complaint.  (Doc. 14.)  On December 27, 2024, the court granted the motion and dismissed all RLUIPA claims against Defendants in their individual capacities and all claims for monetary relief against Defendants in their official capacities under the RLUIPA.  (Docs. 18, 19.)  This leaves only the RLUIPA claims against Defendants in their official capacities with only injunctive and declaratory relief available.  Defendants than answered the complaint regarding the remaining claims.  (Doc. 20.)  The court entered a case management order setting forth the deadlines for fact discovery and dispositive motions.  (Doc. 21.)

    On April 10, 2025, Defendants filed a suggestion of mootness alleging that since the DOC recently approved the accommodation of two Religious Meals for all qualifying faith groups, including Muslims, Plaintiff's claims for injunctive and declaratory relief are now moot.  (Doc. 23.)  Attached to the filing are the updated Religious Activities Procedures Manual and a Declaration by Defendant Harry.  (Docs. 23-1, 23-2.)  On July 8, 2025, the court entered an order denying Defendants' suggestion of mootness.  (Doc. 30.)

3

Following a status conference in this action on July 21, 2025, the court set the fact discovery deadline on September 30, 2025 and the dispositive motions deadline on October 31, 2025.  (Doc. 34.)  On September 16, 2025, the court received and docketed Plaintiff's motion to compel production of documents and a brief in support.  (Doc. 37.)  On October 31, 2025, the court extended the deadline for dispositive motions to January 9, 2026.  (Doc. 41.)  The court will now address the pending motion to compel.

### STANDARD

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . Information within the scope of discovery need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(1); *see also Democratic Nat'l Committee v. Republican Nat'l Committee*, 2019 WL 117555, at *2 (3rd Cir. Jan. 7, 2019) ("The court may limit discovery to ensure its scope is proportional to the needs of a case.").  As such, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted."  *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000).  A matter is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  It is well-established that the scope and conduct of discovery are within the sound discretion

4

of the trial court. *In re Find Paper Antitrust Litg.*, 685 F.2d 810, 817–18 (3d Cir. 1982); *see also* Fed. R. Civ. P. 26(b)(2)(C).

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. Fed. R. Civ. P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense; the burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

## DISCUSSION

Plaintiff appears to be challenging all twelve responses to his request for production of documents. (Docs. 37, 38.)

### A. The Court Cannot Order the Production of Documents that Do Not Exist.

Plaintiff requests the production of the following documents for the calendar years of 2023 through 2024: (1) financial breakdown for overtime required and paid during Eid Al-Fitr Feast/Eid Al-Adha Feast that was utilized for past and future denials of feasts; (2) employee overtime hours that would not have been worked through normal overtime strictly contributed to the Eid AL-Feast/Eid Al-Adha Feasts; (3) the actual time worked regarding the Culinary Workers for SCI-Waymart strictly contributed to the Eid AL-Feast/Eid Al-Adha Feasts; (4) the

5

actual amount paid to the Culinary Workers at SCI-Waymart strictly contributed to the Eid AL-Feast/Eid Al-Adha Feasts; and (5) the normal overtime allotment for the Culinary Workers for SCI-Waymart strictly contributed to the Eid AL-Feast/Eid Al-Adha Feasts. (Doc. 39-3, p. 4.) Defendants' response to all five requests was that such documents do not exist. (*Id*.) Plaintiff argues that "each request that was stated to not exist was utilized as a reasoning within either the Defendant's prior Grievance responses, or claims to Mr. Mitwalli directly to claim that proper access to Religious meals was too expensive to be completed in the methods that were used prior." (Doc. 38, pp. 5–6.)

"It is an obvious truism that a court should not enter an order compelling a party to produce documents where the documents do not exist." *Wells v. JPC Equestrian, Inc.*, No. 3:13-CV-2575, 2014 WL 5641305, *4 (M.D. Pa. Nov. 4, 2014) *citing Taylor v. Harrisburg Area Comm. Coll.,* 2013 WL 6095481 (M.D. Pa. Nov. 20, 2013). Therefore, Plaintiff's motion will be denied.

The court does not doubt Plaintiff's assertion that Defendants identified increased costs as a reason to change the previous religious feasts practices, however, the court cannot compel the production of documents that do not exist. (Doc. 38, p. 6.) Just because the documents may not exist, i.e. specific reports that break down the cost of the specific holiday feasts, it does not mean that Plaintiff is precluded from gathering information associated with costs. Plaintiff may request

6

such information through written interrogatories. Additionally, Plaintiff may request the personnel costs for the dates of the 2023 and 2024 feast day celebrations as compared to the personnel costs of a non-feast day. To allow Plaintiff additional time to complete these alternative discovery requests, the court will reopen fact discovery and extend the fact discovery deadline to December 12, 2025.

### B. Plaintiff's Motion to Compel the Memorandum Will Be Denied.

Plaintiff requests the production of "[m]emorandum issued to facility staff members regarding financial cost analysis as generalized factor to limit feasts with S.C.I. Waymart." (Doc. 39-3, p. 5.) Defendants objected, stating that the request was confusing, overbroad and not reasonably calculated to lead to admissible evidence. (*Id*.) Defendants also stated that 'the Department-wide memorandums issued regarding changes to ceremonial meals were provided to Plaintiff in prior responses." (*Id*.) Considering all memos were provided to Plaintiff in previous responses, the court will deny the motion to compel.

### C. Plaintiff's Motion to Compel the Remaining Documents Will Be Denied.

Defendants objected to the remaining requests for production by asserting that they were overly broad and unduly burdensome. (Doc. 39-3.) Plaintiff now seeks to compel the production of such evidence. (Doc. 38.) As set forth above, the moving party is required to demonstrate the relevance of the information

7

sought. *Goodman*, 553 F. Supp. at 258. Here, Plaintiff has not explained the relevance of the requested information. Plaintiff has only stated that the records Defendants allege did not exist were used to justify the denial of Plaintiff's claim. (Doc. 38, pp. 5–6.) Plaintiff has provided no explanation of relevance for the remainder of his requests. Therefore, the motion to compel will be denied because it is not properly supported.

## CONCLUSION

For the reasons set forth above, the court will deny Plaintiff's motion to compel, but will reopen discovery for a limited time to allow Plaintiff an alternative means to gather evidence concerning costs.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: November 12, 2025